UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SONIA ROBLES,

Plaintiff,

-against-

KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,

Defendant.

Case No. 1:23-cv-05131 (JLR) (GWG)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

JENNIFER L. ROCHON, United States District Judge:

This matter was referred to Magistrate Judge Gorenstein for Social Security. Dkt. 7. In a Report and Recommendation filed on October 13, 2026, Magistrate Judge Gorenstein recommended that Plaintiff's motion for attorneys' fees, Dkts. 24-26, be granted, *see* Dkt. 32 ("R&R").

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however "a district court need only satisfy itself that there is no clear error on the face of the record." *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). This clearly erroneous standard also applies when a party makes only conclusory or general objections. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* R&R at 6. In addition, the Report and Recommendation expressly called the parties' attention to Rules 6 and 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned, grounded in fact and law, and free from clear error. Following the Court's remand of Plaintiff's case to an administrative law judge pursuant to the fourth sentence of 42 U.S.C. § 405(g), an administrative law judge found Plaintiff was disabled and entitled to social security disability and a past period of disability insurance benefits. *See* Dkt. 25 ¶¶ 2-5. The Social Security Administration withheld $34,845.48 for payment of Plaintiff's counsel's fees, *see* Dkt. 25-1 at 4, which is the 25% that Plaintiff agreed to pay her counsel, *see* Dkt. 25-5. Magistrate Judge Gorenstein's Report and Recommendation tracks this withholding and Plaintiff's agreement. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

**The Court hereby ORDERS that $34,845.48 be paid out of Plaintiff's past-due benefits to Plaintiff's counsel and that Plaintiff's counsel shall return to Plaintiff the $6,900.00 previously received pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.**

The Clerk of Court is directed to terminate Dkt. 24 and to mail a copy of this Order to Plaintiff.

Dated: November 2, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge